UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ASHLEY MORGAN TAYLOR | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CAUSE NO. 5:19-CV-001061 |
| | § | |
| KELLI MORGAN AND ALLSTATE FIRE | § | |
| AND CASUALTY INSURANCE COMPANY | § | |
| *Defendant.* | § | |

---

## DEFENDANT ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY'S NOTICE OF REMOVAL

---

Defendant Allstate Fire and Casualty Insurance Company hereby removes this lawsuit pursuant to 28 U.S.C. §§ 1441 and 1446, on the grounds of diversity of citizenship and amount in controversy, and respectfully shows the Court as follows:

### I.
### BACKGROUND

1.     This is a first-party case wherein Plaintiff sues Allstate and its claims adjuster for underinsured motorist benefits under Plaintiff's automobile policy with Allstate.  Plaintiff does not allege that she has received a final judgment against the alleged tortfeasor.

2.     On April 14, 2020, Plaintiff filed her Original Petition styled *Ashley Morgan Taylor v. Allstate Fire and Casualty Insurance Company,* in County Court No. 10 in Bexar County, Texas, Cause No. 2020-CV-02272, in which Plaintiff alleges contractual and extra-contractual causes of action based on a claim for underinsured motorist benefits and sought damages in excess of $75,000.00.[1]

---

[1] *See* Exhibit A, Plaintiff's Original Petition.

Case 5:20-cv-01061   Document 1   Filed 09/08/20   Page 2 of 14

3.      On April 28, 2020, Defendant removed Plaintiff's suit to this Court based upon the diversity of the parties and the amount in controversy.[2]

4.      On May 5, 2020, Plaintiff voluntarily dismissed her action without prejudice.[3]

5.      On July 14, 2020, Plaintiff again filed suit against Allstate styled *Ashley Morgan Taylor v. Allstate Fire and Casualty Insurance Company,* in County Court No. 3 in Bexar County, Texas, Cause No. 2020-CV-03533, in which Plaintiff alleges contractual and extra-contractual causes of action based on a claim for underinsured motorist benefits and added Allstate employee, Kelli Morgan as a defendant.[4]

6.      Plaintiff served Defendant Allstate with Plaintiff's Original Petition in the July 14, 2020 suit on August 17, 2020, by process server.[5]

7.      Plaintiff asserts negligence against the alleged underinsured tortfeasor involved in the underlying automobile accident.   Plaintiff also asserts the following causes of action against Allstate and its claims adjuster, Kelli Morgan:

▪        Breach of contract
▪        Extra-Contractual claims[6]
▪        Declaratory Judgment Action; and,
▪        Tortious Interference With A Contract[7]

8.      Plaintiff affirmatively plead for monetary relief in an amount "over $100,000.00 but not more than $200,000.00."[8]

9.      Plaintiff has demanded a jury trial.

10.      Defendants have not answered the suit in state court.[9]

---

[2] *See Ashley Morgan Taylor v. Allstate Fire and Casualty* 5:20-cv-00524-OLG
[3] See *Id.*, at ECF Doc. 4, Notice of Dismissal Without Prejudice
[4] *See* Exhibit A, Plaintiff's Original Petition.
[5] *See* Exhibit B, Transmittal of Service
[6] Specifically, violations of the DTPA, Insurance Code, and bad faith.
[7] *See* Exhibit A, Plaintiff's Original Petition, at ¶¶ 19-30.
[8] *Id.* at ¶ 2
[9] *See* Exhibit C, State Court Docket Sheet.

{00629704}
Defendant Allstate Fire and Casualty Insurance Company's Notice of Removal
Page 2 of 14

11.     The State Court's case history report for this matter is attached herein.[10]

## II.
### GROUNDS FOR REMOVAL

12.     This Court has original jurisdiction of this suit based on 28 U.S.C. § 1332(a) because this suit involves a controversy between citizens of different states.  Defendant asserts that Morgan was improperly joined in this action and that Plaintiff has not pleaded facts sufficient to state any plausible cause of action against Morgan.  Further, the amount in controversy, exclusive of interest and costs exceeds $75,000.00.

## A.     Parties are Diverse

13.     Plaintiff is a natural person who resides in Bexar County, Texas.[11] Plaintiff has not pled any other facts of residency, intention to leave Texas, or domiciles in other States.[12]  Accordingly, Defendants assert that absent the same, Plaintiff's citizenship at the time of the filing of the suit and at the time of removal is properly established as the State of Texas.[13]

14.     Defendant Allstate Fire and Casualty Insurance Company, is an Illinois corporation with its principle place of business in Illinois and is a citizen of Illinois.

15.     Defendant Morgan is a claims adjuster for Allstate and is a resident of Texas. However, Morgan has been improperly joined in this action solely to defeat diversity jurisdiction. There is no plausible cause of action against Morgan.  Her residency should therefore be disregarded for purposes of evaluating diversity in this matter.[14]

---

[10] *Id.*
[11] *See* Exhibit A, Plaintiff's Original Petition, ¶ 3.
[12] *Id.*
[13] *Hollinger v. Home State Mut. Ins. Co.,* 654 F.3d 564, 571 (5th Cir. 2011).
[14] *Smallwood v. Illinois Cent. R.R. Co.,* 385 F.3d 568, 572 (5th Cir. 2003).

### B.   Amount in Controversy

16.    The party seeking federal jurisdiction must prove by a preponderance of the evidence that

the amount in controversy exceeds $75,000.00.[15]The removing party may satisfy its burden by

either (1) demonstrating that it is "facially apparent" from the petition that the claim likely exceeds

$75,000.00, or (2) "by setting forth the facts in controversy – preferably in the removal petition,

but sometimes by affidavit – that support a finding of the requisite amount."[16]

17.    Here, it is facially apparent from Plaintiff's petition that the claim exceeds $75,000.00.

Specifically, under "Relief", Plaintiff's petition states:

> …Plaintiff seeks monetary relief, the maximum of which is
> over $100,000.00 but not more than $200,000.00.[17]

18.    Based on the foregoing, the amount in controversy exceeds $75,000.00.

### C.   Improper Joinder of Defendant Morgan

#### (i)   Legal Standard

19.    The doctrine of improper joinder, or fraudulent joinder, ensures that the presence of an

improperly joined, non-diverse defendant does not defeat federal removal jurisdiction premised on

diversity.[18]   Citizenship of an improperly joined party is totally disregarded in determining the

Court's subject matter jurisdiction.[19]

20.    The removing party bears the burden of establishing whether federal jurisdiction exists and

removal is proper.[20]   To meet this burden, the removing party must demonstrate that there is no

---

[15] *Grant v. Chevron Phillips Chem. Co. L.P.,* 309 F.3d 864, 868 (5th Cir. 2002).

[16] *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995).

[17] Exhibit "A"*, Plaintiff's Original Petition*, ¶ 2.

[18] *Borden v. Allstate Ins. Co.,* 589 F.3d 168, 171 (5th Cir. 2009).

[19] *Smallwood v. Illinois Cent. R.R. Co.,* 385 F.3d 568, 572 (5th Cir. 2003).

[20] "[a] removing party may establish federal diversity jurisdiction by demonstrating that the state court plaintiff 'improperly joined' all forum defendants." *Martinez v. Allstate Fire & Cas. Ins. Co.*, No. 5:19-CV-35-DAE, 2019 WL 5789988, at *3 (W.D. Tex. June 18, 2019), *citing African Methodist Episcopal Church v. Lucien*, 756 F.3d 788, 793 (5th Cir. 2014).

reasonable basis for the district court to predict that the plaintiff might be able to recover against the in-state defendant."[21]

21.     To determine that an in-state defendant has been improperly joined, the court must find that (1) the plaintiff has fraudulently alleged that a defendant is non-diverse, or (2) the plaintiff has failed to state a claim against the non-diverse defendant.[22] "In making this determination, a federal court must look to the original state court pleading but apply the federal pleading standard.[23] "A defendant is improperly joined if the moving party establishes that ... the plaintiff has not stated a claim against a defendant that he properly alleges is nondiverse." [24]

22.     The court may resolve claims of improper joinder by conducting a Rule 12(b)(6)-type analysis.[25] The analysis requires the complaint must contain "enough facts to state a claim to relief that is plausible on its face."[26] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[27]

23.     Pursuant to *Twombly* and *Iqbal,* the court conducts a two-prong analysis. First, the court separates legal conclusions from well-pled facts.[28] Second, the court reviews the well-pled facts, assumes they are true, and determines whether they "plausibly give rise to an entitlement of relief."[29] A pleading "that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do."[30] "Nor does a complaint suffice if it tenders naked assertion[s]

---

[21] *McDonald v. Abbot Labs.,* 408 F.3d 177, 183 (5th Cir. 2005).
[22] *Smallwood,* 385 F.3d at 573.
[23] *Int'l Energy Ventures Mgmt., LLC v. United Energy Grp., Ltd.,* 818 F.3d 193, 205 (5th Cir. 2016).
[24] *Martinez v. Allstate Fire & Cas. Ins. Co.,* at *3, citing *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.,* 818 F.3d 193, 199 (5th Cir. 2016) (*internal citations omitted*)
[25] *Smallwood,* 385 F.3d at 573.
[26] *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 547, 127 S. Ct. 1955 (2007).
[27] *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S. Ct. 1973 (2009).
[28] *Iqbal,* 556 U.S. at 678-79.
[29] *Id.,* at 679.
[30] *Iqbal,* 556 U.S. at 678.

devoid of further factual enhancement."[31] Plausibility requires more than a mere possibility. It calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of actionable misconduct.[32]

### (ii) Plaintiff Fails to State a Plausible Claim Against Defendant Morgan

24.     Here, applying the *Twombly* and *Iqbal* analysis, Plaintiff's Original Petition fails to state a plausible claim against Defendant Morgan. Specifically, as shown below, Plaintiff's claims against Morgan fail because Morgan is not a party to the insurance contract.  Plaintiff's claims against Morgan further fail because Plaintiff has not alleged that she has obtained a judgment establishing her legal entitlement to recover benefits from the alleged tortfeasor.

### a.  *Plaintiff's Allegations Against Morgan Fail Because Morgan is Not a Party to the Insurance Contract*

25.      Texas law is clear, that the plaintiff cannot maintain claims against Morgan for breach of contract or for breach of the duty of good faith and fair dealing because there is no privity of contract between Morgan and the Plaintiff.[33] Similarly, the plaintiff has no cause of action against Morgan for violations of the DTPA, because agents handling insurance claims are not liable under the DTPA for lack of good faith in processing insurance claims.[34]

26.     Plaintiff    relies    on *Liberty Mutual Ins. Co. v. Garrison Contractors, Inc.*,    for    the proposition that employee agents of insurance companies may be sued, along with insurance companies themselves.[35] *Garrison* is easily distinguishable from the case at bar because in

---

[31] *Id.*
[32] *Twombly,* 550 U.S. at 565.
[33] *See, e.g., Griggs v. State Farm Lloyds,* 181 F.3d 694, 700 (5th Cir.1999) (insurance agent is not liable to insured for breach of contract where no contract with agent existed); *Natividad v. Alexsis, Inc.,* 875 S.W.2d 695 (Tex.1994) (Texas law does not impose liability for breach of the duty of good faith and fair dealing upon agents hired by the insurer); *Coffman v. Scott Wetzel Services, Inc.,* 908 S.W.2d 516 (Tex.App.—Fort Worth 1995, no writ) (citing *Natividad* for the proposition that no duty of good faith and fair dealing is owed by an agent to the insured absent privity of contract).
[34] *See Coffman,* 908 S.W.2d at 517.
[35] *Liberty Mutual Ins. Co. v. Garrison Contractors, Inc.,* 966 S.W.2d 482 (Tex.1998)

*Garrison* the Texas Supreme Court held that an employee-agent of an insurance company was "engaged in the business of insurance," when the employee's "job responsibilities included soliciting and obtaining insurance policy sales and explaining policy terms to prospective buyers ... [and] explaining premium calculations to consumers."[36]

27.     In this case, the Plaintiff has not alleged that Morgan sold Plaintiff her policy, nor has the Plaintiff alleged that Morgan ever explained policy terms or premium calculations to her when Plaintiff was a prospective insurance buyer.  Based upon the plaintiff's allegations and the documents submitted in support, it is clear that Morgan was merely an Allstate adjuster who handled plaintiff's claim.

28.     Plaintiff also cites *Lyons v. Millers Cas. Ins. Co. of Tex.*[37] for the premise that Morgan's claims handling constituted bad faith; however, because Morgan and the Plaintiff have no privity of contract this allegation fails to give rise to a viable cause of action against Morgan.

29.     Finally, Plaintiff has not alleged any duty breached by Morgan that she personally owed to Plaintiff, nor has Plaintiff alleged specifically any particular misrepresentations given by Morgan. Therefore, Plaintiff cannot maintain a claim against Morgan for violations of the Texas Insurance Code.

30.      Plaintiff's claims against Morgan for breach of contract, unfair settlement practices, breach of good faith and fair dealing, and declaratory judgment, which are all based on the demonstrably erroneous assumption that Morgan is a party to the insurance contract and obtained premiums under the contract, fail to state a cause of action.  Under Texas law, an adjuster is not a party to the insurance contract between an insurer and the insured.[38] "And a breach of contract

---

[36] *Id.* at 486.
[37] *Lyons v. Millers Cas. Ins. Co. of Tex.,* 866 S.W.2d 597 (Tex. 1993).
[38] *See Natividad v. Alexsis, Inc.,* 875 S.W.2d 695 (Tex. 1994).

claim in Texas requires the existence of a valid contract between the parties."[39] Plaintiff has not

alleged any contract to which both she and Morgan are parties. Because Morgan is not a party to

the insurance contract, Plaintiff has not pleaded any plausible claim against Morgan for breach of

contract, breach of good faith and fair dealing, and declaratory judgment.[40]As such, Morgan was

improperly joined.

> ### *b.   Plaintiff's Claims Against Morgan For Tortious Interference With A Contract Also Fail Because Plaintiff Has Not Alleged She Obtained A Judgment Establishing Her Legal Entitlement To Recover Damages From The Alleged Tortfeasor*

31.     Plaintiff's claims against Morgan also fail because Plaintiff has failed to plead sufficient

facts to show that Plaintiff is entitled to UIM benefits, failed to plead that she has suffered any

kind of independent injury as a result of Morgan's independent actions or inactions, or that

Morgan's claims handling has caused her to lose benefits to which she would otherwise be

entitled.[41]   To the contrary, Plaintiff has asserted that Morgan acted "as part of an organized

process…approved of by Allstate."[42]   The allegations against Morgan are thinly veiled allegations

against Allstate, and Morgan is named for the sole purpose of stripping this Court of its jurisdiction.

> ### i.   Under Texas law, UIM insurance coverage is not triggered until the insured obtains a judgment establishing liability and damages for the automobile accident.

32.     Underinsured motorist insurance (UIM) coverage "protects insureds who are *legally*

*entitled* to recover from owners or operators of…underinsured motor vehicles damages for bodily

injury… ."[43] The Texas Supreme Court has described UIM insurance as unique because it is first-

---

[39]*Martinez v. Allstate Fire & Cas. Ins. Co.*, 5:19-CV-35-DAE, 2019 WL 5789988, at *5 (W.D. Tex. June 18, 2019), *citing  Brooks v. Excellence Mortgage, Ltd.*, 486 S.W.3d 29, 36 (Tex. App.—San Antonio 2015).
[40] *See Id.*
[41] *See* Exhibit A, Plaintiff's Original Petition, *see also Rodriguez v. Allstate Fire & Cas. Ins. Co.*, Cause No. 5:18-CV-1096-OLG (Jan. 10, 2019) (slip op.) (order granting motion to dismiss for failure to state a claim based on plaintiffs' failure to allege they obtained a judgment establishing legal entitlement)).
[42] *See* Exhibit A, Plaintiff's Original Petition, at ¶ 16
[43] TEX. INS. CODE § 1952.101 (emphasis added); *see also id.* § 1952.106 (requiring UIM coverage to "provide payment to the insured of all amounts that the insured is legally entitled to recover as damages").

party coverage that is "conditioned upon the insured's legal entitlement to receive damages from a third party."[44]

33.    "Legal entitlement" is a term of art in the UIM context. To be "legally entitled" to recover UIM benefits, an insured must have a judgment that establishes the liability of a third-party and the insured's damages.[45] Until an insured obtains such a judgment, the insurer's contractual obligation to pay benefits simply does not arise. [46] Stated another way, the covered event in UIM litigation is not the accident itself, but rather the insured's establishment of the fact via judgment that she is entitled to benefits in excess of the tortfeasor's available policy limits. As *Wellisch* explained in distinguishing other types of insurance claims:

> In each of the above cases, the insurance companies' liability arose at the time of the covered event; therefore, the courts determined there was a "delay" in payment following the covered event. Here, USAA's liability did not arise on the date of the accident in which Jessica was fatally injured. USAA's liability arose on the date the trial court entered final judgment following a determination that Salinas' negligence caused the accident and a jury returned a verdict favorable to the Wellisches in the amount of $6 million. [47]

34.    An insured demonstrates legal entitlement when she obtains a judgment establishing a third-party tortfeasor's liability and that her damages exceed her recovery from the tortfeasor.[48] Therefore, the appropriate issues for litigation are (1) the underlying tortfeasor's liability and (2) the insured's damages.[49]

---

[44] *Brainard v. Trinity Universal Ins. Co.*, 216 S.W.3d 809, 818 (Tex. 2006).
[45] *Id.* at 818.
[46] *See id.*; *see also Wellisch v. United Servs. Auto. Ass'n*, 75 S.W.3d 53, 57 (Tex. App.—San Antonio 2002, pet. denied) ("[A]n insurer has the right to withhold payment of UIM benefits until the insured's legal entitlement is established.").
[47] 75 S.W.3d at 58.
[48] *Brainard*, 216 S.W.3d 818.
[49] *See Id.*

35.     Because no contractual obligation to pay benefits has arisen, even if Morgan were a party to the contract, she could not be liable for breach of contract, nor could she be liable for tortious interference with a contract as a claims adjuster for Allstate.[50]

ii.     **Under Texas law, an insured generally cannot recover damages for statutory violations if the insurer does not owe policy benefits, unless she can prove an independent injury or the insurer caused her to lose policy benefits.**

36.     The Texas Supreme Court's opinion in *USAA Texas Lloyds v. Menchaca*, reaffirmed the general rule that an insured cannot recover policy benefits as damages for an insurer's statutory violation if the policy does not provide a right to those benefits.[51] The Court further held that in very particular situations an insured may recover damages based on insurance policy benefits (contract benefits) for the violation of statutory duties if (1) the insurer's statutory violation caused the insured to lose policy benefits to which she would otherwise be entitled or (2) if the insured articulates an injury independent of the loss of policy benefits.[52]

37.     An insurer's extra-contractual violation can lead recoverable damages even if the insured has no right to benefits under the policy, if the insurer's violation causes the insured to loss the contractual right.[53]

38.     An independent injury must be "truly independent of the insured's right to receive policy benefits."[54] An independent injury is not independent if the "statutory or extra-contractual claims are predicated on the loss being covered under the insurance policy" or "if the damages flow or stem from the denial of the claims for policy benefits."[55]

---

[50] *See Weber v. Progressive Cnty. Mut. Ins. Co.*, No. 05-17-00163-CV, 2018 WL 564001, at *1 (Tex. App.—Dallas Jan. 26, 2018, pet. filed) (affirming the dismissal of the breach of contract cause of action because the plaintiff's "petition did not assert she had obtained a judgment against the other driver," and "thus she failed to establish the existence of a duty or obligation to which [the insurer] or [adjuster] failed to meet.").
[51] 545 S.W.3d 479, 489 (Tex. 2018).
[52] *Id*.
[53] *Id.* at 497.
[54] *Id.* at 499-500.
[55] *Id.* at 500 (internal quotation marks and alterations omitted).

39.     Applying *Menchaca*'s rules to UIM insurance disputes shows that extra-contractual claims will rarely be viable unless the insured obtains a judgment establishing their legal entitlement to recover from a tortfeasor. An insured cannot recover policy benefits under a UIM policy until such time as she establishes legal entitlement to those benefits by obtaining a judgment.[56] Without a judgment, the only other option for an insured to recover damages for statutory violations—theoretically—is for the insured to plead and prove an injury independent of a right to receive policy benefits or that the insurer's violation caused her to lose benefits to which she would have been entitled.[57] However, declining to pay UIM benefits when an insured does not have a judgment in no way causes the insured to lose a right to UIM benefits. Without a judgment, she currently has no right to benefits.[58] And as for an independent injury, the Texas Supreme Court has yet to find one in the twenty-three years since it recognized the theoretical possibility of such an injury.[59]

### iii.     None of Plaintiff's claims are based upon a cause of action against Morgan

40.     Plaintiff has not stated a plausible claim against Morgan. Her breach of contract claim, breach of good faith and fair dealing claim, and Uniform Declaratory Judgment Act claim fail because Morgan is not a party to the insurance contract.[60]

41.     Plaintiff's remaining claims fail because Plaintiff has failed to plead that she has obtained a judgment that would trigger Defendant's obligation to pay benefits, and thus Plaintiff has not pleaded any viable claim to recover policy benefits as damages for any of her extra-contractual claims for unjust enrichment, breach of the duty of good faith and fair dealing, and violations of

---

[56] *See Brainard*, 216 S.W.3d at 818.
[57] *See Menchaca*, 545 S.W.3d at 489.
[58] *See Wellisch*, 75 S.W.3d at 57.
[59] *See Menchaca*, 545 S.W.3d at 500; *Republic Ins. Co. v. Stoker*, 903 S.W.2d 338 (Tex. 1995).
[60] *Natividad v. Alexsis, Inc.,* 875 S.W.2d 695 (Tex. 1994).

the DTPA and Texas Insurance Code.[61] Attempting to hold Defendant liable for extra-contractual claims relating to a failure to pay benefits before Defendant's obligation to pay such benefits has even arisen would rewrite the insurance contract by requiring Defendant to make payments of policy benefits before the covered event has occurred.[62]

42.     Plaintiff has also failed to plead any facts to show the two *Menchaca* exceptions allowing damages to be recovered where no policy benefits are owed. Specifically, Plaintiff has not pleaded a statutory violation caused her any injury independent of her right to receive policy benefits to which they not currently entitled.[63] Nor have Plaintiff alleged that any action of Morgan caused them not to seek a judgment establishing their legal entitlement, thereby causing her to lose benefits to which she would otherwise be entitled.[64]

43.     Plaintiff's claims under the Insurance Code also fail. Plaintiff has plead no facts to show that liability is reasonably clear. *Brainard* was clear: the only way to become entitled to policy benefits under a policy of UIM insurance is to obtain a judgment establishing the insured's legal entitlement to recover benefits from the tortfeasor.[65]And in the absence of a judgment, there is no liability on the policy of insurance, and an insurer has the right not to make a payment of any benefits until there is a judgment.[66]

44.     And again, in *Weber*, the court of appeals affirmed the trial court's dismissal of the extra-contractual causes of action based on the Insurance Code after affirming the dismissal of the insured's breach of contract claim when there was no allegation that the plaintiff had obtained a

---

[61] *See*, *supra*, ¶ 16; *see also* Exhibit F (*Rodriguez v. Allstate Fire & Cas. Ins. Co.*, Cause No. 5:18-CV-1096-OLG (Jan. 10, 2019) (slip op.) (order granting motion to dismiss for failure to state a claim based on plaintiffs' failure to allege they obtained a judgment establishing legal entitlement)).
[62] *See Wellisch*, 75 S.W.3d at 57.
[63] *Cf. Menchaca*, 545 S.W.3d at 499-500.
[64] *Cf. id.* at 497-99.
[65] 216 S.W.3d at 818.
[66] *See Brainard*, 216 S.W.3d at 818; *Wellisch*, 75 S.W.3d at 57; *Jordan*, 503 S.W.3d at 456.

judgment.[67]Accordingly, Plaintiffs' chapter 541 claims against Morgan lack a plausible basis in law or fact.

## III.
### REMOVAL IS PROCEDURALLY PROPER

45.    This notice of removal is timely filed within thirty (30) after service of process upon Defendant.[68]

46.    Venue is proper in this Court under 28 U.S.C. §1441(a) because this District and Division of this Court embraces Bexar County, Texas, the place where the State Court suit was filed.

47.    Pursuant to 28 U.S.C. §1446(a), all pleadings, process, and orders served upon Defendant in the state court action are attached herein as Exhibit A.

48.    Pursuant to 28 U.S.C. §1446(d), Defendant will promptly provide a true and correct copy of this Notice of Removal to Plaintiff and to the Clerk of Bexar County Court.

## IV.
### PRAYER FOR RELIEF

49.    Defendant Allstate Fire and Casualty Insurance Company prays that the Court accept jurisdiction over the state court action for the reasons set forth above, and grant Defendant any such other and further relief to which it may show itself justly entitled.

Respectfully submitted,

**VALDEZ & TREVIÑO,**
**ATTORNEYS AT LAW, P.C.**
Callaghan Tower
8023 Vantage Drive, Suite 700
San Antonio, Texas 78230
Phone: 210–598–8686
Fax: 210–598–8797

   _/s/ Jenna S. Ard_

---

[67] *See Weber*, 2018 WL 564001, at *3–4.
[68] *See* 28 U.S.C. §1441(b)(1).

**Robert E. Valdez**
State Bar No. 20428100
revaldez@valdeztrevino.com
**Jenna S. Ard**
La Bar No. 32810
jard@valdeztrevino.com
*Counsel for Defendant Allstate Fire and*
*Casualty Insurance Company*

### CERTIFICATE OF SERVICE

I do hereby certify that the foregoing instrument was served on the following counsel this

8th day of September 2020, pursuant to Rule 5 of the Federal Rules of Civil Procedure, via email

and via e-service in the state court proceeding:

R. Scott Mellen
DAVIS LAW FIRM
10500 Heritage Blvd., Suite 102
San Antonio, Texas 78216
*Counsel for Plaintiff*

*/s/ Jenna S. Ard*
**Jenna S. Ard**